# IN THE UNITED STATES DISTRICT COURT
# FOR DISTRICT OF COLORADO

UNITED FEEDERS, LLC,

    Plaintiff,

v.

ZMDR, LLC dba REPUBLIC FOODS; JOHN MALOUFF; and REVIER BRAND GROUP, LLC,

    Defendants.

## COMPLAINT AND JURY DEMAND

Plaintiff United Feeders, LLC (**"United Feeders"**), for its Complaint against Defendants ZMDR, LLC dba Republic Foods (**"Republic Foods"**), John Malouff (**"Malouff"**), and Revier Brand Group, LLC (**"RBG"**), states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. United Feeders is a Colorado limited liability company with its principal place of business in Rocky Ford, Colorado.

2. Republic Foods is a Missouri limited liability company with its principal place of business in Lone Jack, Missouri.

3. Malouff is an individual residing in Monte Vista, Colorado.

4. RBG is a Minnesota limited liability company with its principal place of business in Olivia, Minnesota.

5. This Court has subject matter jurisdiction over this case pursuant to 7 U.S.C. § 209(b) because Republic Foods is subject to 7 U.S.C. § 181 et seq., and United Feeders seeks

damages for Republic Foods' violations of 7 U.S.C. § 181 et seq. This Court has ancillary jurisdiction over United Feeders' other claims.

6. This Court has specific personal jurisdiction over Republic Foods because Republic Foods has a member and agent in Colorado, Malouff, through whom Republic Foods solicited the transactions entered in Colorado that gave rise to the claims in this action. Republic Foods actively solicited United Feeders to enter the cattle transactions at issue in this action, knowing United Feeders was in Colorado and that the transactions would be undertaken in Colorado. Republic Foods engaged in the cattle sales transactions set forth in this Complaint, and the statutory violations set forth in this Complaint, in Colorado. Republic Foods' representative Jeremy Robinson contacted and communicated with United Feeders in Colorado. Republic Foods purposefully directed its activities at Colorado. All damages caused by the Republic Foods as detailed in this Complaint were suffered by United Feeders in Colorado.

7. This Court has specific personal jurisdiction over RBG because RBG contractually agreed and entered into transactions for the purchase of cattle in Colorado that gave rise to the claims in this action. RBG actively solicited United Feeders to enter the cattle transactions at issue in this action, knowing United Feeders was in Colorado and that the transactions would be undertaken in Colorado. RBG engaged in the cattle sales transactions set forth in this Complaint, and the statutory violations set forth in this Complaint, in Colorado. RBG purposefully directed its activities at Colorado. All damages caused by the RBG as detailed in this Complaint were suffered by United Feeders in Colorado.

## GENERAL ALLEGATIONS

8. United Feeders is a custom feedlot that feeds cattle for itself and for its customers in La Junta, Colorado. United Feeders brings this action for itself and as an agent for its customers.

9. In 2021, Malouff, a representative of Republic Foods, contacted United Feeders to solicit Republic Foods' purchase of Black Angus cattle from United Feeders.

10. As part of these dealings Malouff induced United Feeders to enter negotiations with Tom Revier of RBG for a cattle purchase by RBG and Republic Foods.

11. Malouff represented to United Feeders that involving RBG in the cattle purchases would facilitate valid and lawful transactions.

12. In inducing United Feeders to enter negotiations with RBG, Malouff and Republic Foods knew that RBG was insolvent and could not pay for the cattle purchases contemplated by the negotiations. Malouff and Republic Foods concealed these facts from United Feeders with the intent of deceiving United Feeders.

13. In inducing United Feeders to enter negotiations with RBG, Malouff and Republic Foods knew that RBG or its affiliates were significantly indebted to Republic Foods. Malouff and Republic Foods concealed these facts from United Feeders with the intent of deceiving United Feeders.

14. Between March 3, 2021, and March 8, 2021, United Feeders, as cash seller, sold and shipped 282 head of black steers (the **"Cattle"**) totaling $496,331.55 to Republic Foods and RBG, as shown in Exhibits 1-5 to this Complaint and as follows:

| Date | Livestock Description | Number of Head | Amount |
|---|---|---|---|
| March 3, 2021 | Black steers Lot U380 | 72 | $124,035.21 |
| March 3, 2021 | Black steers Lot U385 | 68 | $126,652.50 |
| March 4, 2021 | Black Steers Lot T236M | 72 | $116,947.35 |
| March 8, 2021 | Black Steers Lot U339A | 35 | $63,528.66 |
| March 8, 2021 | Black Steers Lot U391 | 35 | $65,167.83 |
| **TOTAL** | | **282** | **$496,331.55** |

15. United Feeders shipped the Cattle from Colorado to Republic Foods on March 3, 4, and 8, 2021.

16. Republic Foods and RBG failed or refused to pay United Feeders amounts owing for the Cattle.

17. Republic Foods processed at least part of the Cattle, sold the meat to a third party, then applied at least part of the proceeds to debts owed to Republic Foods by RBG or its affiliates.

18. On information and belief, Republic Foods processed the Cattle at its facilities and Republic Foods still has some or all of the meat produced from the Cattle in its inventory.

19. In soliciting and entering the sales of the Cattle, Republic Foods, Malouff, and RBG each knew that Republic Foods intended to apply the Cattle's proceeds to RBG's debts to Republic Foods, rather than paying the proceeds to United Feeders as legally required. Republic Foods and RBG concealed these facts from United Feeders with the intent of deceiving United Feeders.

20. Any waiver of statutory trust rights claimed by Defendants is ineffective and void due to Defendants' prior material breach.

4

21. Any waiver of statutory trust rights claimed by Defendants is ineffective and void because they are the result of fraudulent misrepresentation and concealment and deceit.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract against RBG)**

22. United Feeders incorporates the preceding paragraphs as if set forth fully in this paragraph.

23. United Feeders entered into a contract with RBG for the purchase of the Cattle.

24. United Feeders performed all conditions precedent to its right to demand performance by RBG of RBG's contractual obligations.

25. RBG breached its contract to purchase the Cattle by failing to pay for the Cattle.

26. RBG's breach of contract has caused United Feeders damages in the form of lost and diminished income from the Cattle.

27. United Feeders is entitled to a judgment against RBG for its breach of contract in the amount of United Feeders' actual, incidental, and consequential damages plus prejudgment interest, post judgment interest, and attorneys' fees and costs as permitted by law.

**SECOND CLAIM FOR RELIEF**
**(Breach of Contract against Republic Foods)**

28. United Feeders incorporates the preceding paragraphs as if set forth fully in this paragraph.

29. United Feeders entered into a contract with Republic Foods for the purchase of the Cattle.

30. United Feeders performed all conditions precedent to its right to demand performance by Republic Foods of Republic Foods' contractual obligations.

31. Republic Foods breached its contract to purchase the Cattle by failing to pay for the Cattle.

32. Republic Foods' breach of contract has caused United Feeders damages in the form of lost and diminished income from the Cattle.

33. United Feeders is entitled to a judgment against Republic Foods for its breach of contract in the amount of United Feeders' actual, incidental, and consequential damages plus prejudgment interest, post judgment interest, and attorneys' fees and costs as permitted by law

### THIRD CLAIM FOR RELIEF
### (Unjust Enrichment against Republic Foods and RBG)

34. United Feeders incorporates the preceding paragraphs as if set forth fully in this paragraph.

35. Republic Foods and RBG received a benefit of a payment of not less than $496,331.55 at United Feeders' expense.

36. Republic Foods and RBG received this benefit under circumstances that would make it unjust to retain the benefit without paying for it.

37. United Feeders is entitled to a judgment for all benefits unjustly received by Republic Foods and RBG.

### FOURTH CLAIM FOR RELIEF
### (Statutory Trust against Republic Foods)

38. United Feeders incorporates the preceding paragraphs as if set forth fully in this paragraph.

39. At all relevant times Republic Foods was a "packer" under 7 U.S.C. § 191 and engaged in the business of: (a) buying livestock in commerce for purposes of slaughter; (b)

6

manufacturing or preparing meats or meat food products for sale or shipment in commerce; and/or (c) marketing meats, meat food products, or livestock products in an unmanufactured form acting as a wholesale broker, dealer, or distributor in commerce.

40. The sale of the Cattle to Republic Foods was a cash sale pursuant to 7 U.S.C. § 196(c). United Feeders did not expressly extend credit to Republic Foods.

41. Under 7 U.S.C. § 196(b), Republic Foods was required to hold the Cattle, and all sales, inventories, receivables, or proceeds from meat, meat food products, or livestock products derived from the Cattle, in trust for the benefit of United Feeders until full payment has been received by United Feeders (the **"Trust"**).

42. United Feeders has provided written notice to Republic Foods and the Secretary pursuant to 7 U.S.C. § 196(b).

43. The Trust is a floating trust on Republic Foods' cash, accounts receivables, and other property.

44. The Trust has priority over any security interest in Republic Foods' cash, accounts receivables, and other property and any lenders or other security interest claimants are liable for disgorgement of Trust assets.

45. United Feeders is entitled to a judgment enforcing the Trust against Republic Foods for the Cattle and all the full amount of all sales, inventories, receivables, or proceeds, including commingled proceeds, from meat, meat food products, or livestock products derived from the Cattle.

## FIFTH CLAIM FOR RELIEF
### (Unfair Trade Practices against Republic Foods)

46. United Feeders incorporates the preceding paragraphs as if set forth fully in this paragraph.

47. Under 7 U.S.C. § 223, Republic Foods is liable for the acts of its agents acting within the scope of their employment or office including, without limitation, John Malouff.

48. Republic Foods has engaged in unfair, unjustly discriminatory, or deceptive practices or devices within the meaning of 7 U.S.C. § 192(a).

49. Pursuant to 7 U.S.C. § 209, Republic Foods is liable to United Feeders for all damages sustained as a consequence of Republic Foods' violation of 7 U.S.C. § 192(a).

## SIXTH CLAIM FOR RELIEF
### (Fraud against all Defendants)

50. United Feeders incorporates the preceding paragraphs as if set forth fully in this paragraph.

51. Defendants concealed facts that in equity and good conscience Defendants should have disclosed to United Feeders, including:

    a. RBG's insolvency;

    b. RBG's debts to Republic Foods; and

    c. Defendants' intended disposition of the Cattle and their proceeds.

52. Each of these concealed facts were material in that United Feeders would not have entered the Cattle sales had these facts been disclosed.

53. United Feeders was ignorant of these facts.

54. United Feeders reasonably relied on Defendants' representations by selling and shipping the Cattle and United Feeders had no reason to question those representations.

55. Defendants knew that these facts were being concealed from United Feeders.

56. Defendants intended that United Feeders would act on the concealed facts by shipping the Cattle to Republic Foods.

57. United Feeders' action on Defendants' concealment resulted in damage to United Feeders.

## SEVENTH CLAIM FOR RELIEF
**(Negligent Misrepresentation against all Defendants)**

58. United Feeders incorporates the preceding paragraphs as if set forth fully in this paragraph.

59. In the course of their business, profession, or employment, Defendants made misrepresentations of material fact concerning RBG's insolvency, RBG's debts to Republic Foods, and Defendants' intended disposition of the Cattle and their proceeds.

60. Defendants made these misrepresentations without reasonable care.

61. Defendants made these misrepresentations for United Feeders' guidance in its business transactions.

62. Defendants made these misrepresentations with knowledge that United Feeders would rely on the misrepresentations.

63. United Feeders justifiably relied on the misrepresentations to its detriment.

**EIGHTH CLAIM FOR RELIEF**
(Fraudulent Transfer against Republic Foods and RBG)

64. United Feeders incorporates the preceding paragraphs as if set forth fully in this paragraph.

65. RBG and Republic Foods transferred the Cattle's proceeds to satisfy RBG's debt to Republic Foods with actual intent to hinder, delay, or defraud United Feeders.

66. RBG and Republic Foods concealed the Cattle proceeds transfer from United Feeders.

67. RBG and Republic Foods concealed RBG's obligation to Republic Foods from United Feeders.

68. RBG was insolvent or became insolvent shortly after the transfer was made or the obligation to Republic Foods was incurred.

69. The transfer of the Cattle's proceeds was a fraudulent transfer under C.R.S. § 38-8-105.

70. United Feeders is entitled to the remedies provided in C.R.S. § 38-8-108 including, without limitation:

    a. Avoidance of the transfer;

    b. Attachment of the Cattle proceeds; and

    c. One and one-half times the value of the Cattle proceeds.

**NINTH CLAIM FOR RELIEF**
(Intentional Interference with Contractual Relations against Republic Foods and Malouff)

71. United Feeders incorporates the preceding paragraphs as if set forth fully in this paragraph.

72. United Feeders had a contract with RBG in which RBG agreed to pay for the Cattle.

73. Republic Foods and Malouff knew of United Feeders' contract with RBG.

74. Republic Foods and Malouff, by words, conduct, or both, intentionally caused RBG not to perform its contract or interfered with RBG's performance of the contract, thereby causing RBG not to perform the contract with United Feeders.

75. Republic Foods' and Malouff's interference with the contract was improper.

76. Republic Foods' and Malouff's interference caused damages to United Feeders.

**TENTH CLAIM FOR RELIEF**
**(Civil Conspiracy against Republic Foods and RBG)**

77. United Feeders incorporates the preceding paragraphs as if set forth fully in this paragraph.

78. Republic Foods and RBG arrived at a meeting of the minds as to the object of unlawfully depriving United Feeders of the Cattle and their proceeds.

79. Republic Foods and RBG undertook one or more unlawful overt acts toward their object including, without limitation, the acts alleged above.

80. As a result of this conspiracy, United Feeders has been damaged.

**PRAYER FOR RELIEF**

United Feeders prays the Court for judgment in favor of United Feeders and against Defendants, jointly and severally, as follows:

A. An award of all actual damages including, without limitation, not less than $496,331.55;

B. An award of all consequential and incidental damages including, without limitation, business, credit, and cash flow interruption caused by Defendants' actions;

  C. An award of one and one-half the value of the Cattle proceeds;

  D. An award of attorneys' fees and costs as permitted by law;

  E. Prejudgment interest and post judgment interest; and

  F. For all such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, United Feeders demands a trial by jury on all claims so triable.

Dated: May 28, 2021.

  Respectfully submitted:
  SPENCER FANE LLP

  */s/ Scott C. Sandberg*
  John O'Brien, #15183
  Scott C. Sandberg, #33566
  Spencer Fane LLP
  1700 Lincoln Street, Suite 2000
  Denver, Colorado 80203
  Email: jobrien@spencerfane.com; ssandberg@spencerfane.com
  **Attorneys for United Feeders, LLC**